UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHADANA L. BROWN | * | CIVIL ACTION |
| | * | |
| | * | NO: |
| VERSUS | * | |
| | * | SECTION: |
| LAZARO ARISTE-VERDE, | * | |
| G.T.I. GAZIC TRUCKING, | * | |
| GAZIC TRUCKING, INC., | * | MAGISTRATE: |
| G.T. INC., AND ACE PROPERTY AND | * | |
| CASUALTY INSURANCE COMPANY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW INTO COURT through undersigned counsel comes Shadana L. Brown, a person of

the full age of majority, and with respect represents:

### I. PARTIES

The following pary is made a defendant in this suit:

A.      **Lazaro Ariste-Verde**, (hereinafter referred to as "Ariste-Verde"), a person of the

full age of majority and domiciled in the County of Kent, State of Mississippi, who was at all

material times hereto the driver of the vehicle which caused the collision in the above captioned

matter;

B.     **GTI Gazic Trucking,** (hereinafter referred to as "GTI Gazic"), a foreign corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana, and who was at all material times hereto the employer of defendant, Lazaro Ariste-Verde at the time of the incident sued upon herein;

C.     **Gazic Trucking, Inc.,** (hereinafter referred to as "Gazic Trucking, Inc."), a foreign corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana, and who was at all material times hereto the employer of defendant, Lazaro Ariste-Verde at the time of the incident sued upon herein;

D.     **GT Inc.,** (hereinafter referred to as "GT, Inc."), a foreign corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana, and who was at all material times hereto the employer of defendant, Lazaro Ariste-Verde at the time of the incident sued upon herein; and,

E.     **ACE Property and Casualty Insurance Company,** (hereinafter referred to as "ACE"), a foreign insurer authorized to do and doing business in the Parish of Jefferson, State of Louisiana who was at all material times hereto the liability insurer for defendants, Lazaro Ariste-Verde, GTI Gazic Trucking, Gazic Trucking, Inc., and GT, Inc.

## II. JURISDICTION

Jurisdiction is proper in this Court based upon diversity of citizenship as provided in 28 U.S.C.A.§ 1346(b).  The plaintiff is a citizen of the State of Louisiana, and no defendant is a citizen of the State of Louisiana.

- 2 -

## III.  VENUE

Venue is proper in the United States District Court for the Eastern District of Louisiana under 28 U.S.C.A. §1402(b).  The plaintiff is domiciled in New Orleans, Louisiana; and the accident made subject of this claim occurred in Jefferson Parish, Louisiana.

## IV.  LIABILITY AND DAMAGES

On or about Thursday, April 10, 2014, at approximately 7:55 a.m., plaintiff, Shadana L. Brown, was driving her 2013 Nissan Altima in the left westbound lane of the I-10 exit ramp onto Power Boulevard, approximately 0.1 miles north of Veterans Memorial Boulevard, in Jefferson Parish, Louisiana.

## V.

At the same time, defendant, Lazaro Ariste-Verde, was operating a 2000 International Freightliner with attached 2011 Hyundai trailer in the course and scope of his employment with GTI Gazic Trucking, Gazic Trucking, Inc., and/or G.T. Inc., also headed west on the I-10 exit ramp onto Power Boulevard.

## VI.

The 2000 International Freightliner operated by Mr. Ariste-Verde and much of the attached 2011 Hyundai trailer were positioned ahead of and to the right of Ms. Brown's vehicle and entirely within the right travel lane.

## VII.

Ms. Brown proceeded in the left travel lane of the I-10 exit ramp, which allows traffic to move onto the left southbound lane of Power Boulevard.

VIII.

Defendant Ariste-Verde proceeded in the right travel lane of the I-10 exit ramp which allows traffic to move onto the right southbound lane of Power Boulevard.

IX.

Then, suddenly and without warning, defendant Ariste-Verde began to change lanes, causing the rear of Mr. Ariste-Verde's vehicle to enter the left travel lane of the I-10 exit ramp, striking Ms. Brown's vehicle on its passenger's side near the front, right wheel well.

X.

As a direct result of the negligence of defendant, Lazaro Ariste-Verde, plaintiff, Shadana L. Brown, suffered property damages and severe physical and mental personal injuries.

XI.

At the time of the incident sued upon herein, defendant, Lazaro Ariste-Verde, was operating his vehicle in the course and scope of his employment with defendants, GTI Gazic Trucking, Gazic Trucking, Inc., and/or G.T. Inc., making defendants, GTI Gazic Trucking, Gazic Trucking, Inc., and/or G.T. Inc., liable to plaintiff under the doctrine of respondeat superior.

XII.

That on the date of the incident sued upon herein, there was in full force and effect a liability insurance policy issued by defendant, ACE Property and Casualty Insurance Company, insuring defendants, Lazaro Ariste-Verde, GTI Gazic Trucking, Gazic Trucking, Inc., and/or G.T. Inc., against liability for the negligent operation of defendant's vehicle.

- 4 -

XIII.

That the incident sued upon herein was caused by the negligence of the defendant, Lazaro Ariste-Verde, in the following but not limited respects:

A.   In making an improper lane change;

B.   In making an improper turn;

C.   In failing to keep a proper lookout;

D.   In failing to maintain his vehicle under proper control under the circumstances;

E.   In traveling at an excessive rate of speed;

F.   In traveling in a reckless and careless manner;

G.   In failing to see what he should have seen;

H.   In failing to use reasonable vigilance;

I.   In following too closely; and,

J.   Other acts of negligence which will be shown at the time of trial.

XIV.

That as a direct result of the incident sued upon herein plaintiff, Shadana L. Brown, has sustained serious and permanent injuries to her mind and body, including but not limited to injuries to her neck, right shoulder, right elbow, and back, as well as headaches, all as a direct result of the acts and/or omissions of defendant, Lazaro Ariste-Verde.

XV.

The above acts of negligence are in violation of the laws of the State of Louisiana and the applicable parish ordinances which are hereby specifically pleaded and adopted by reference herein as if set forth at length in extenso.

- 5 -

XVI.

As a result of the incident, plaintiff, Shadana L. Brown, has sustained the following but not limited itemized damages:

A. Loss of earnings, past and future;

B. Property damage;

C. Loss of value of plaintiff's vehicle;

D. Hospital, medical and drug expenses, past and future;

E. Physical and mental pain and suffering, past and future;

F. Loss of enjoyment of life;

G. Permanent disability; and,

H. Other items of damages which will be shown at the time of trial.

## XVII. STATUTORY "BAD FAITH" LIABILITY

La. R.S. 22:1892 (A)(3) requires an insurance company to initiate loss adjustment of a property damage claim within fourteen days after notification of loss by the claimant.

XVIII.

On April 17, 2014, demand was made for defendant, Gazic Trucking, to have an appraiser contact the plaintiff, Shadana L. Brown, directly to schedule an inspection of the damage to her vehicle.

XIX.

The same April 17, 2014 correspondence instructed defendant, Gazic Trucking, to notify plaintiff's counsel in writing whether or not defendant, Gazic Trucking, was

disputing liability in this matter and that defendants failure to do so, "will be considered corroboration of the arbitrary and capricious refusal to promptly and fairly settle the property damages."

## XX.

The defendants did not inspect the damage to plaintiff's vehicle until August 8, 2014, 113 calendar days after demand was made for defendant, Gazic Trucking, to do so.

## XXI.

The damages to plaintiff Shadana L. Brown's vehicle shown on this initial August 8, 2014 appraisal totaled $2,265.84 and included an estimate that it would take 4 business days to complete the repairs to plaintiff's vehicle, which constituted satisfactory proof of loss.

## XXII.

La. R.S. 22:1892(A)(4) requires all insurers to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.

## XXIII.

Despite having received satisfactory proof of loss, defendant, ACE Property and Casualty Insurance Company, failed to make a written offer to settle plaintiff, Shadana L. Brown's property damage claim within thirty days of August 8, 2014.

## XXIV.

The defendant, ACE Property and Casualty Insurance Company's, failure to pay plaintiff, Shadana L. Brown's,  property damage claim, within the applicable thirty day

time period after receipt of satisfactory proof of loss and demand therefor was arbitrary and capricious resulting in a statutory violation, for which violation the defendant, ACE Property and Casualty Insurance Company, is responsible for the amount of the loss, plus penalties of fifty percent damages on the amount found to be due from the insurer to the insured, as well as reasonable attorneys' fees and costs as directed by La. R.S. 22:1892 (B)(1).

## XXV.

On August 22, 2014, plaintiff's attorneys' office emailed defendant, ACE Property and Casualty Insurance Company, claims associate asking for a copy of the August 8, 2014 property damage appraisal and photographs and whether or not the defendants had in fact accepted liability for causing plaintiff's damages.

## XXVI.

On October 28, 2014, 81 calendar days after receiving satisfactory proof of loss, defendant, ACE Property and Casualty Insurance Company's, claims associate emailed plaintiff's attorneys' office to notify plaintiff's attorneys that defendant, ACE Property and Casualty Insurance Company, were accepting 80% liability and offered to pay 80% of the damages itemized on the August 8, 2014 property damage appraisal or $1,812.67.

## XXVII.

On October 29, 2014, plaintiff's counsel again made demand for defendant Gazic Trucking to pay the plaintiff's property damages pursuant to La. R.S. 22:1892 (formerly La. R.S. 22:658(B)(4).

## XXVIII.

Defendant, ACE Property and Casualty Insurance Company, refused to pay for the plaintiff's property damages and related rental expenses and only accepted 80% liability.

WHEREFORE, plaintiff prays for judgment herein in favor of Shadana L. Brown and against defendants, Lazaro Ariste-Verde, GTI Gazic Trucking, Gazic Trucking, Inc., G.T. Inc., and ACE Property and Casualty Insurance Company, jointly and severally, in a sum adequate to compensate plaintiff for her aforementioned damages, together with legal interest thereon from date of judicial demand until paid; for all costs of these proceedings and for all general and equitable relief.

LAW OFFICES OF GREGORY P. DILEO, APLC

BY:     /S/
           GREGORY P. DILEO, LSBA #4943
           BENJAMIN W. GULICK, LSBA #34874
           Attorneys for Plaintiff, Shadana L. Brown
           300 Lafayette Street, Suite 101
           New Orleans, Louisiana 70130
           Telephone:     (504) 522-3456
           Facsimile:     (504) 522-3888
           Emails:        contact@gregdileo.com
                         bengulick@gregdileo.com

PLEASE SERVE:

1.  Mr. Lazaro Ariste-Verde
    10862 Nicholos Boulevard
    Olive Branch, MS 38654;

2.  G.T.I. Gazic Trucking
    Through its registered agent for service:

    Mr. Adis Gazic
    3852 Buchanan SW
    Wyoming, MI 49548;

3.  Gazic Trucking, Inc.
    Through its registered agent for service:

    Mr. Adis Gazic
    3852 Buchanan SW
    Wyoming, MI 49548;

4.  G.T. Inc.
    Through its registered agent for service:

    Mr. Sanel Gazic
    3852 Buchanan SW
    Wyoming, MI 49548; and,

5.  ACE Property and Casualty Insurance Company
    Through its registered agent for service:

    Louisiana Secretary of State
    8585 Archives Avenue
    Baton Rouge, LA 70809

                    LAW OFFICES OF GREGORY P. DILEO, APLC


        BY:     /S/
                GREGORY P. DILEO, LSBA #4943
                BENJAMIN W. GULICK, LSBA #34874
                Attorneys for Plaintiff, Shadana L. Brown
                300 Lafayette Street, Suite 101


                        - 10 -

New Orleans, Louisiana 70130
Telephone:    (504) 522-3456
Facsimile:    (504) 522-3888
Emails:       contact@gregdileo.com
              bengulick@gregdileo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon opposing

counsel of record by electric filing with the Clerk of Court by using the CM/EFC system which

will send a notice of electronic filing to counsel for all parties this __10th__ day of April, 2015.


____/S/GREGORY P. DI LEO_____
GREGORY P. DILEO, LSBA #4943
BENJAMIN W. GULICK, LSBA #34874

- 11 -